UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-02491-KK-DTBx** | Date: | October 17, 2025 |
|---|---|---|---|
| Title: | ***Dennis Cooper v. Aurora O. Martinez et al.*** | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE Regarding Article III Standing

Plaintiff Dennis Cooper ("Plaintiff") commenced this action against defendant Aurora O. Martinez ("Defendant") asserting various state claims and a request for injunctive relief under the Americans with Disabilities Act ("ADA"). ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). The Court has declined supplemental jurisdiction and dismissed Plaintiff's state claims without prejudice, Dkt. 11; hence, only the ADA claim remains. However, based upon the threadbare and boilerplate allegations set forth in the Complaint, the Court questions whether Plaintiff has constitutional standing to seek such injunctive relief under the ADA. See Moore v. Harper, 600 U.S. 1, 14 (2023) ("Before turning to the merits, [a court] must determine as a threshold matter that [it] ha[s] jurisdiction." (citation modified)).

"To obtain forward-looking relief, [a] plaintiff[] must establish a substantial risk of future injury that is traceable to the [defendant] and likely to be redressed by an injunction against them." Murthy v. Missouri, 603 U.S. 43, 69 (2024). There must be "a real and immediate threat of repeated injury." Id. at 58 (citation modified). An ADA plaintiff meets this standard "by either (1) showing that they are currently deterred from returning to the place of public accommodation because of a barrier, or (2) showing that they were previously deterred and intend to return to the non-compliant place of public accommodation." Langer v. Kiser, 57 F.4th 1085, 1093 (9th Cir. 2023) (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011) (en banc)), cert. denied, 144 S. Ct. 823 (2024), reh'g denied, 144 S. Ct. 1132 (2024).

Here, Plaintiff has not plausibly alleged the "real and immediate threat of repeated injury" necessary to sue for injunctive relief. Murthy, 603 U.S. at 58 (citation modified). Rather, Plaintiff

offers only a threadbare allegation that he "wishes to return and patronize the [b]usiness" but "is deterred from visiting . . . because his knowledge of these violations prevents him from returning until the barriers are removed." Compl. ¶ 14.

This boilerplate allegation does not suffice. Moreover, nothing in the record establishes the proximity of Plaintiff's residence to the business, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations. See Chapman v. Pismo Food Store, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store." (citation modified)); cf. D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008) (discussing cases where plaintiffs established standing). Nor does Plaintiff sufficiently show that the barriers allegedly deterring him "pose a real and immediate threat to him due to his particular disability." Pier 1 Imports (U.S.) Inc., 631 F.3d at 953. Put simply, Plaintiff's alleged intent to return to Defendant's business establishment is not genuine and is simply conclusory. See, e.g., id. ("[Plaintiff] lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine."); Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an "inten[t]" to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'" (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992))); Strojnik v. Pasadena Robles Acquisition, LLC, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately "demonstrate an intent to return . . . or that he was deterred").

Plaintiff is, therefore, **ORDERED TO SHOW CAUSE** why the Court should not dismiss their ADA claim without prejudice for lack of standing. Murthy, 603 U.S. at 76 (disposing of case for lack of standing). Plaintiff shall respond within **7 days** of this order. **Plaintiff is expressly warned that failure to comply with this Order will result in this action being dismissed for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.